CONCORD CO., INC. *v.* MATHERLY ET AL.

[No. 198, September Term, 1957.]

*Decided April 29, 1958.*

The cause was argued before Henderson, Hammond, Prescott and Horney, JJ., and Macgill, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*John B. Garvey, Jr.,* and *Charles H. Reed, Jr.,* for the appellant as defendant.

Submitted on brief by *John Warfield Armiger* and *Robert J. Dougherty* for the appellant as cross-plaintiff.

*Leonard H. Lockhart* for the appellees.

Prescott, J., delivered the opinion of the Court.

Concord Company, Inc. (Concord) appeals from a decree of the Circuit Court for Harford County which dismissed its cross-bill and enjoined it from using a parcel of land for any purpose other than "Residential" use as defined in a "Declaration of Restrictions."

In 1955, the owner of a subdivision, "Concord Fields," in Havre de Grace executed and recorded a Declaration of Re-

strictions, imposing residential restrictions on a large portion of the lots contained in said subdivision; said restrictions to be effective until the Mayor and City Council should pass an "appropriate" zoning ordinance covering the area of the subdivision. Upon the passage of such ordinance, "the power to amend, alter or change the * * * restrictions shall become vested in the Zoning Board to be appointed under said ordinance subject to final approval by the Mayor and City Council." At that time, Havre de Grace contemplated placing in effect a comprehensive zoning plan. In August of 1955, the Mayor and City Council passed an ordinance providing for a planning and zoning commission (commission) as authorized by Article 66B, sections 10 to 37 of the Code (1951); and, on August 15, 1955, the five members of that commission were named. As far as the record discloses, little, if anything was thereafter done by the commission; and, when the cost of zoning was ascertained, the plan to zone the City apparently was abandoned.

However, on March 20, 1957, there was recorded an "agreement" or "declaration" of the "Planning and Zoning Commission of the City of Havre de Grace," dated March 16, 1957, signed by the chairman and two other persons who had been named as members of the commission. The one who signed as chairman had been appointed for a one-year term on August 15, 1955, and there was nothing offered to indicate that he was reappointed or his term extended beyond the one year. By the terms of the "agreement," the commission purported to exercise the power conferred by the declaration of restrictions by designating the appellant's portion of "Concord Fields" as commercial. The appellees deny that on March 16, 1957, the commission was a functioning board.

Pursuant to an application of the appellant's predecessor in title on March 4, 1957, the Mayor and City Council issued on April 29, 1957, a building permit for the construction of a filling station, and the appellant began construction.

The appellees instituted suit praying an injunction to halt the construction. The appellant filed an answer and a motion for a summary judgment. (Questions of procedure were raised and they will be considered in II.) After a hearing on

the motion, the chancellor concluded that the Mayor and City Council had never passed "an appropriate Zoning Ordinance" as prescribed by the Declaration of Restrictions, and issued an injunction restraining the appellant from using its property other than for residential purposes.

I

The pertinent portions of the Declaration of Restrictions provide:

> "All the lots, tracts, and buildings located in Concord Fields and owned by the Owners as of the date hereof shall be used for residential purposes only
> * * *"

> "The foregoing restrictions shall remain in full force and effect until such time as the Mayor and City Council of Havre de Grace, Maryland, shall adopt and pass an appropriate Zoning Ordinance covering the area known as 'Concord Fields.' Upon the passage of said ordinance the power to amend, alter or change the aforementioned restrictions shall become vested in the Zoning Board to be appointed under said Ordinance, subject to final approval by the Mayor and City Council of Havre de Grace, Maryland."

The appellant contends the ordinance passed by the Mayor and City Council, providing for a planning and zoning commission, was such an "appropriate" ordinance as referred to above, and, upon its passage, the commission became vested with the power to "amend, alter or change" the restrictions. It claims the mere passage of the ordinance was sufficient, even though full-scale zoning was never adopted, and all the other requirements for change specified in the Declaration of Restrictions were met and complied with. It argues that where the language employed to express a restriction so far involves a doubt as to require construction, the rule is that such covenants are to be strictly construed against the person seeking to enforce them. *Bartell v. Senger,* 160 Md. 685, 155 A. 174. This statement of the rule by the appellant is cor-

rect; but as stated by Judge Henderson for the Court in *Martin v. Weinberg,* 205 Md. 519, at page 526, 109 A. 2d 576: "We have frequently stated and applied the rule of strict construction in favor of the unrestricted use of property. * * * But this does not mean that language must be so narrowly construed as to defeat its general purpose." If we lay aside all of the questions with reference to the other requirements for change and construe the restriction strictly, we still conclude that the appellant cannot prevail in this contention. The intention of the party placing the restrictions upon the property seems clear. At that time, zoning regulations for the City of Havre de Grace were anticipated in the near future. The restrictions were placed thereon for the mutual benefit of the different lots until such time as an appropriate zoning ordinance *was adopted* "covering the area known as 'Concord Fields.'" This contemplated that the restrictions would remain upon the property until such time as the property was actually zoned; not merely until such time as someone had the authority to zone. If this were not so, the benefits expected to be derived from the restrictions might become fruitless. There is no suggestion that the property has ever been zoned; so, we conclude the chancellor was correct in his ruling that no appropriate zoning ordinance had been adopted covering the area known as "Concord Fields."

## II

The procedural aspects of the case present a rather unusual situation. The pleadings, in so far as necessary for our decision, were as follows. The appellees filed suit on May 27, 1957. The appellant filed an answer in which, *inter alia,* it alleged a change in the neighborhood that showed an abandonment of restrictions and that the appellees were estopped from insisting upon the protection of the restrictions. On June 12, 1957, the appellant filed a motion for a summary judgment on the limited ground that it had admitted the execution of the Declaration of Restrictions, and alleged undisputed facts that showed a change in the restrictions. It should be noted here that no mention of change of neighborhood or estoppel was made in the motion. The appellees filed,

on June 17, 1957, an answer, with supporting affidavits, in opposition to this motion. On July 2, 1957, the appellant filed a cross-bill, alleging that the appellees had filed their bill of complaint for the sole purpose of "harassing and delaying" the appellant in the pursuit of its lawful business, and claiming $100,000 damages. No answer has ever been filed to this cross-bill. On July 9, 1957, the appellees filed a motion for a summary judgment. On that same date, a hearing was held. The chancellor apparently thought he was hearing both the appellant's and appellees' motions for summary judgment, and disposed of the entire case by granting the appellees' motion for a summary judgment, issuing an injunction and dismissing the appellant's cross-bill. The appellees aver that it was their understanding that both motions were being heard, without objection from either side. The appellant contends, however, that this was not the case. It claims that appellant's motion, which was limited to only one issue, was the only one that they understood was being heard, and the only one that the chancellor was at liberty to hear; that, as appellees' motion had been filed on the day of the hearing, it was entitled to, at least, ten days' notice before hearing the same (Maryland Rule 610 c 2), and it had not, in any manner, waived such notice. As a result of this dispute, the chancellor filed an order directing that the record indicate that no stipulation was entered into by the parties specifying that all issues raised by the pleadings were heard and decided by the court, and that counsel for neither side expressed consent to a hearing on appellees' motion for a summary judgment.

Of course, if the appellant had known that both motions were being heard and had made no objection, it would have waived the requirement of notice. On the other hand, if it had been brought to the attention of counsel for the appellant that the appellees' motion was also being heard, the appellant was at liberty to insist upon the ten days' notice. It was entirely proper for the chancellor to hear and dispose of the appellant's motion by itself if he so desired: the one issue raised therein, that the restrictions had been changed by official action, if decided in appellant's favor, would have en-

titled it to the relief sought, without a showing of the abandonment of the restrictions or an estoppel. Maryland Rule 610 d 3, 4. It would also have been possible for the chancellor to render a judgment in favor of the appellees on all the issues, though no cross-motion was made by them, if the appellant's motion had not been limited to the single issue. Maryland Rule 610 d 1.

Under the unusual circumstances of this case, we think we should consider the same as though the chancellor heard the appellant's motion only. He was justified, as we have stated in I, in deciding the issue raised therein in favor of the appellees, and, under the authority of Maryland Rule 610 d 1, he was at liberty to render judgment in favor of the appellees on that issue. Having decided that issue in favor of the appellees, the chancellor, if he so desired, could properly issue the injunction which he did. At this stage, under the provisions of Maryland Rule 610 d 4, he should have ascertained what material facts, bearing on the issues of change of neighborhood and estoppel (alleged in appellant's answer) and the good or bad faith of the appellees in bringing suit (alleged in appellant's cross-bill), were, in good faith, actually controverted; and directed such further proceedings as justice required. If the chancellor determined there were no material facts in dispute, he could have set for hearing, and disposed of, the appellees' motion for summary judgment. The injunction issued would have prevented the appellant from building on the property until all the issues bearing on its right to do so were settled, and, if, at the end, it were determined that the appellant had the right to construct its filling station, the injunction could have been dissolved.

We will therefore affirm the chancellor's decree in so far as it directed the issuance of the injunction, without prejudice to the appellant to prosecute its claims of abandonment of the restrictions and estoppel (which means, of course, that if the appellant be successful on either of these issues, the injunction will be dissolved), reverse the same in so far as it purports to dismiss the appellant's cross-bill, and remand the case for further proceedings. Of course, if the appellant has no more proof of change of neighborhood, estoppel or bad

faith of the appellees in instituting suit than it was able to state to us at the argument, its chances of ultimate success are quite remote; but we are not at liberty to pass upon the same in the present state of the proceedings.

> *Decree affirmed in part and reversed in part, and cause remanded for further proceedings in accordance with this opinion; the appellant to pay the costs.*